PER CURIAM:
Claimant brought this action for vehicle damage which occurred to his 2005 Toyota Avalon when he drove over a patch of freshly paved road on 1-77 near Parkersburg, Wood County. 1-77 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:3 0 p.m. on July 24,2010. 1-77 is a six-lane interstate highway with three lanes of traffic in each direction. On the day of the incident all three lanes in the direction Claimant was driving on 1-77 between exits 172 and 176 were being repaved, two lanes were closed and traffic was funneled through one lane. Claimant testified that it was hot day, between 96 and 98 degrees Fahrenheit. Claimant testified that he traveled the same stretch of road on Saturday and Sunday to watch his grandson play in an All-Star baseball tournament. On Monday he noticed what he initially thought was dirt, but turned out to be tar, splashed on his windshield, headlights, hood, grill, mirrors, and along the bottom of his vehicle. As a result of driving on the freshly repaved road, Claimant’s vehicle required a professional cleaning and buffing in the amount of $351.92. Since Claimant’s insurance declaration sheet indicates that his deductible is $100.00, Claimant’s recovery is limited to that amount.
It is Claimant’s position that Respondent knew or should have known about the wet tar on 1-77 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain 1-77 at the time of the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on 1-77 at the time of the incident. Respondent presented no witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for *249 road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice that paving an interstate highway on such a hot day could result in tar splashing onto vehicles traveling the road and create a hazardous condition. Thus, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $100.00.
Award of $100.00.